**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ENTERPRISE BANK AND TRUST | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00278 |
| | ) | |
| JACKSON C. MAY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT JACKSON MAY AND FOR LEAVE TO SERVE BY ALTERNATIVE MEANS**

Plaintiff Enterprise Bank and Trust ("Enterprise Bank") filed this action on February 19, 2020 (Complaint, Doc. 1) seeking enforcement of a promissory note and a guaranty of certain indebtedness by Defendant Jackson May ("May"). (*Id.* at Count 2).  Enterprise Bank has diligently and consistently attempted to obtain service on May since filing suit; however, May is actively evading service and has declined, through his counsel, to allow service by alternative means. Accordingly, Enterprise Bank has been unable to date to serve May.  For the following reasons, Enterprise Bank respectfully requests the Court grant it an extension of time to serve May through and including August 1, 2020 and for permission to serve May through alternative means.

**I.      Factual Background: Attempts to Obtain Personal Service on May**

Immediately after filing the Complaint, Enterprise Bank attempted to serve the Summons and Complaint on May.  On March 5, 2020, the first Summons against May was returned as unexecuted because the address where Enterprise Bank believed May resided did not exist. (Summons Returned Unexecuted, Doc. 5).  Enterprise Bank requested a new Summons soon thereafter, and then began several attempts to serve.  (Doc. 6, Req. Issuance of Alias Summons).

Enterprise Bank's process server attempted to serve May at 11:20 a.m. on March 10, but couldn't gain access to the residence because of a padlocked gate, which prevented access to the property. (Exhibit 1, S. Lehr Aff.).  The process server returned at 6:45 p.m. on March 13, 2020 and again at 8:30 a.m. and 12:10 p.m. on March 14, 2020, but was not permitted to enter the property at any of those times.  (*Id.*)  In fact, May's residence is set back so far from the gate entrance that the residence is not even visible from outside the property lines.  (*Id.*).

Enterprise Bank then hired a private investigator in an effort to serve May.  On April 10, 2020 at 5:25 p.m., Investigator Thompson attempted to serve May at his residence.  (Exhibit 2, M. Thompson Aff. at ¶ 2).  On that date, the investigator made contact with May's handyman, who was exiting May's property at the front gate.  (*Id.* at ¶ 4).  The handyman agreed to call May to see if May would allow the investigator to enter the property, or if May would meet the investigator at the gate.  (*Id.*).  After placing the call, the handyman informed the investigator May "was too busy to accept service."  (*Id.*).

The investigator returned to May's property on Thursday, April 16, at 12:30 p.m. to attempt service a second time.  (*Id.* at ¶ 5).  The front gate was again locked, and access to the premises was again denied, so the investigator called two phone numbers associated with May.  (*Id.*).  A recording for the first phone number (352-***-7979) indicated the voicemail box was full and unable to receive messages.  (*Id.*).  The investigator left a voice message for May at the second number (352-***-4692).  (*Id.*).

A second investigator monitored individuals exiting or entering the property, attempting to serve May.  (Exhibit 3, M. Pitts Aff. at ¶ 2).  On April 20, 2020, a female in her 20s exited May's property.  The Investigator asked if May was available.  The woman said she would call to see if he was free, then exited the property.  (*Id.* at ¶ 3).  Shortly thereafter, May's handyman exited the

2

property.  (*Id.*).  He informed Investigator Pitts that May was out of town.  (*Id.*).  Later, another individual exited the property.  A woman driving the vehicle initially said she didn't know who May was.  She said she would inform security that Investigator Pitts was attempting to contact May.  (*Id.*).

On April 21, 2020 at 3:30 p.m., Investigator Pitts again attempted service on May at his residence.  (*Id.* at ¶ 4*)*.  Investigator Pitts spoke to the handyman again who stated that May was in Texas.  (*Id.*).  At 4:59 p.m. that same day Investigator Pitts made contact with a female and male who approached the gate who said May was out with friends and that they were at the residence to see their mother.  (*Id.*).  At no time was either investigator able to serve May.

On April 20, 2020, an attorney named Zachary Merkle, of the law firm of Sandberg Phoenix in St. Louis, Missouri contacted Peter Riggs, undersigned counsel for Enterprise Bank. Mr. Merkle informed Mr. Riggs that he represents Mr. May.  On April 22, 2020 Mr. Riggs sent the attached correspondence to Mr. Merkle and asked Mr. Merkle if he would accept service of process on behalf of Mr. May.  (Exhibit 4, April 22, 2020 e-mail correspondence from Mr. Riggs to Mr. Merkle).  Mr. Merkle never responded.

On April 23, 2020, an attorney named John Winnie of Gainesville, Florida contacted Mr. Riggs.  Mr. Winnie indicated that he also represents Mr. May and acknowledged that Mr. May had hired Sandberg Phoenix to represent him in this matter.  Mr. Riggs inquired whether Mr. Winnie would accept service on behalf of Mr. May.  Mr. Winnie refused.  Subsequent correspondence from Mr. Winnie to Mr. Riggs containing an offer of settlement for this case confirmed that Mr. Winnie in fact represents Mr. May in this matter.  (*See* Correspondence from Mr. Winnie dated April 27, 2020, Exhibit 5).

WA 14699736.2

On May 5, 2020, Mr. Riggs, pursuant to Federal Rule of Civil Procedure 4(d), sent a waiver of service request and form to Mr. May via Fed Ex., with an email copy to both Mr. Merkle and Mr. Winnie.  (*See* Waiver of Service Packet, Exhibit 6.)  The Waiver of Service request gave Mr. May 30 days, until June 4, 2020, to respond and waive service.  It included two waiver of service forms, a copy of the Complaint, a copy of the Summons, and a postage paid return envelope.  *Id.* Mr. May failed to return the waiver of service form within that timeframe, and so Enterprise Bank now files this motion, requesting an alternative form of service.  In addition, neither of Mr. May's counsel responded to the request to waive of service.

## II.    Argument

### a.  Service Requirements under the Federal Rules of Civil Procedure

Before a federal court may exercise personal jurisdiction over a defendant, the summons and complaint must be properly served on the defendant.  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co*., 484 U.S. 97, 104 (1987), *superseded by statute on other grounds.*  Because service of process is the means by which a trial court obtains jurisdiction over a person, a person is not bound by a judgment in a litigation in which he or she has not been made a party by service of process. *Sieg v. Karnes,* 693 F.2d 803, 807 (8th Cir. 1982).

Federal Rule of Civil Procedure 4(e) sets out the rules for serving an individual defendant. The summons and complaint may be delivered to the individual personally; it may be left at the individual's home with someone of suitable age and discretion ho resides there; or it may be delivered to an agent authorized to receive service.  Fed. R. Civ. P. 4(e)(2).  The Rule also provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state court where the district is located or where service is made." Fed. R. Civ. 4(e)(1).  Florida's service of process for individuals mirrors that of the federal

4

rule, permitting service on the individual, or by leaving the document at the individual's home with an individual over the age of 15. Fl. Stat. Ann. § 48.031.  Florida also permits substituted service of process on a "person who conceals his or her whereabouts" by alternative means.  *See* Fl. Stat. Ann. § 48.161; *see also Smith v. Leaman*, 826 So.2d 1077, 1078 (Fla. 2nd D. Ct. App. 2002) (noting that Fl. Stat. Ann. § 48.161 "allows for substituted service of process on a Florida resident who is concealing his whereabouts, creates an exception to the general rule that the defendant must be personally served.  The statute contains three requirements: (1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance.").

### b.  This Court is Authorized to Grant Alternative Means of Service

While service of process is the responsibility of the plaintiff, "[a] defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion." *Nat'l Labor Relations Bd. v. Clark*, 468 F.2d 459, 464 (5th Cir. 1972).  As one district court has noted, "[t]he rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Verizon Trademark Servs., LLC v. Prods., Inc.,* No. 8:10-cv-665-T-33EAJ, 2011 WL 3296812, *5 (M.D. Fla. Aug. 2, 2011) (quoting *TRW, Inc. v. Derbyshire,* 157 F.R.D. 59, 60 (D. Co. 1994.  Rather, the Rules of Civil Procedure should be "utilized for the purpose of providing a likelihood of brining actual notice to the intended recipient." *Minn. Mining & Mfr'g Co. v. Kirkevold,* 87 F.R.D. 317, 324 (D. Minn. 1980); *see also Ali v. Mid-Atlantic Settlement Servs., Inc.,* 233 F.R.D. 32, 36 (D.D.C. 2006) ("Good faith efforts at service are effective particularly where the defendant has engaged in evasion, deception, or trickery to avoid being

5

served.").  Alternate service is therefore necessary in cases such as the case at bar, where a defendant has concealed his whereabouts and is evading service, making it impossible to effect personal service despite diligent efforts.

Courts have discretion to determine the appropriate means of service, and may authorize alternative service when necessary in the court's discretion.  *1st Tech., LLC v. Digital Gaming Solutions, S.A.,* No. 4:08 cv 586 DDN, 2008 WL 4790347, *7 (E.D. Mo. Oct. 31, 2008).  In exercising this discretion, the court must ensure the alternate service comports with due process requirements.  *Ferrarese v. Shaw,* 164 F.Supp. 3d 361, 366 (E.D.N.Y. 2016).  This means that the alternative method of service must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).  Service by Certified Mail has been permitted as a proper means of alternate service of process.  *D.R.I., Inc. v. Dennis,* No. 03 CV 10026, 2004 WL 1237511, *2 (S.D.N.Y. June 3, 2004) (collecting cases).

The Constitution does not mandate that service be effectuated in any particular way.  Due process considerations require only that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections."  *Mullane*, 339 U.S. at 314.  Federal courts have allowed service by Certified Mail where a plaintiff demonstrates that the proposed service is likely to notify a defendant of the action.  *D.R.I., Inc.,* 2004 WL 1237511 at *2.

### c.  May is Evading Service

There is no question that May is actually aware of this lawsuit, and is aware of Enterprise Bank's attempts to serve him.  The investigators hired by Enterprise Bank confirmed with several individuals who entered and exited May's property that he was aware of their attempts to serve

6

him, and was refusing service of process.  Thereafter, May directed two separate attorneys – one licensed and actively practicing in Missouri – to contact Enterprise Bank regarding the allegations in the suit.  Neither counsel, however, would agree to accept service on May's behalf.  Finally, both May, and his counsel, received the waiver of service request, yet May refused to either waive service, or accept service through an alternative means.  Without question, May is actively attempting to evade service in an effort to thwart justice.

### d.  Enterprise Bank Requests Permission to Serve by Certified Mail

For the foregoing reasons, Enterprise Bank respectfully requests the Court grant its request for alternative service in the form of mailing the Summons by certified mail with return receipt requested to May at the following address: 2045 SW 63rd Ave Gainsville, FL 32608.  Enterprise Bank's investigators have confirmed that May resides at this location and the FedEx package (Ex. 6) also arrived at that location.  Therefore, to the extent not already achieved, certified mail service will give actual notice of this suit, and will provide May an opportunity to appropriately respond.  Further, May has already retained two attorneys in this matter to communicate with Enterprise Bank.  He is unquestionably aware of the existence of the suit.

In a similar case, the United States District Court for the District of New Mexico granted an order authorizing service of process by certified mail in a Fair Debt Collection Act suit where plaintiff was unable to make personal service due to evasive conduct by the Defendant.  *See Glasener v. Farrell & Seldin,* No. 14-621-kk, 2014 WL 12786900, *2 (D.N.M. Oct. 24, 2014).  The court found that substitute service was authorized where the individual defendant lived in a gated community and was evading service.  *Id.; see also Trust v. Kummerfeld,* 153 Fed. Appx. 761, 763 (2d Cir. 2005) (determining service of process was effective where district court permitted alternative service after plaintiff purposefully evaded service); *U.S. Bank Trust v.*

*Pinette,* No. 19-cv-00147, 2019 WL 522446, * 2 (D. Maine Oct. 16, 2019) (granting request for alternative service of process after plaintiff attempted service several times).

### III.     Enterprise Bank Requests Additional Time to Accomplish Service

Federal Rule of Civil Procedure 4(m) provides, in relevant part that if a defendant is not served with 90 days after the complaint is filed, the Court must dismiss the action without prejudice against the defendant or order that service be made within a specified time.   However, if the plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period.  *Colasante v. Wells Fargo Corp.,* 81 Fed. App'x 611, 612-613 (8th Cir. 2003) (citing Fed. R. Civ. P. 4(m)).  Good cause may be found when: (1) the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third party; (2) the defendant has evaded service or engaged in misleading conduct; (3) the plaintiff acted diligently in trying to effectuate service; or (4) the plaintiff is proceeding pro se.  *Kurka v. Iowa County, Iowa,* 628 F.3d 953, 957 (8th Cir. 2010).  As noted above, Enterprise Bank has acted diligently in trying to effectuate service, but despite its efforts, May has intentionally evaded service of process.  For these reasons, Enterprise Bank respectfully requests an extension of time to serve May, up to and including August 1, 2020.

### IV.     Enterprise Bank is Entitled to Attorneys' Fees for its Service Efforts

Federal Rule of Civil Procedure 4(d)(2) requires a defendant to pay reasonable attorneys' fees if a defendant refuses to sign and return a waiver of service requested by plaintiff without good cause and the plaintiff files a motion to collect any service-related expenses.  Once a plaintiff has sent a valid request for waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff.  May received a valid waiver of service form and thereafter refused to waive service of process.  Enterprise Bank is entitled to all expenses incurred

8

in effectuating service after his refusal to accept service, including the attorneys' fees expended in drafting this Motion.

### V.      Conclusion

For the foregoing reasons, Enterprise Bank respectfully requests:

(1) The Court grant an extension of time under Federal Rule of Civil Procedure 4(m) for which to serve May up to and including August 1, 2020;

(2) The Court permit Enterprise Bank to serve May utilizing an alternative service in the form of mailing the Summons by certified mail with return receipt requested to May at the following address: 2045 SW 63rd Ave Gainsville, FL 3260;

(3) The Court award Enterprise Bank its fees and costs incurred in serving May pursuant to Federal Rule of Civil Procedure 4(d)(2); and

(4) All other relief the Court deems just in the premises.

Respectfully Submitted,

*/s/  Peter L. Riggs*
Nathan A. Orr
Missouri Bar # 49836
Peter L. Riggs
Missouri Bar #57268
Carly D. Duvall
Missouri Bar # 61925
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone:  816-474-8100
Facsimile:  816-474-3216
norr@spencerfane.com
priggs@spencerfane.com
cduvall@spencerfane.com

Attorneys for Plaintiff Enterprise Bank & Trust

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of June, 2020, I electronically filed the foregoing through the Court's CM/ECF system which will send notifications to all counsel of record.  I further certify that a true and correct copy of the foregoing was sent via U.S. Mail as follows:

Mr. John C. Bovay
2805 Forge Road
Glasgow, VA 24555

John S. Winnie, Esq.
Winnie & Winnie Attorneys, P.A.
3011 SW 70th Lane
Gainesville, FL 32608

Zachary Merkle
600 Washington Avenue
15th Floor
St Louis, MO 63101

Jackson C. May
2045 SW 63rd Ave.
Gainesville, FL 32608

*/s/ Peter L. Riggs*
Attorney for Plaintiff Enterprise Bank & Trust

10