**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ENTERPRISE BANK AND TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-CV-00278 JAR |
| ) | |
| JACKSON C. MAY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Jackson C. May's Motion to Dismiss or Transfer. (Doc. No. 25). The motion is fully briefed and ready for disposition.

**Background**[1]

Defendant Jackson C. May ("May") is the settlor of the Confederate Trust Dated March 19, 2009 (the "Trust"). (Compl. at ¶ 3). The Trust entered into a loan with Plaintiff Enterprise Bank and Trust ("Enterprise") to finance premiums on certain life insurance policies issued by Northwestern Mutual Life Insurance Company on May's life. (Id. at ¶ 7). In August 2013, Enterprise and the Trust increased the principal amount of the Loan and extended its maturity date. (Id. at ¶ 11). In conjunction with the August 2013 loan amendment, May executed a Continuing Limited Guaranty Agreement dated August 5, 2013 (the "2013 Guaranty"), guaranteeing repayment of all indebtedness owing from the Trust to Enterprise and requiring "on demand, [to] make prompt payment of the amount due thereof," but subject to a liability cap "not

to exceed the value of the certificate of deposit #XXXXXX7517 with [Enterprise] Bank pledged by [May] to [Enterprise] Bank, and any replacement thereto, plus the cost of enforcement of [the] Guaranty, including court costs and attorneys' fees." (Id. at ¶ 12).

The 2013 Guaranty included a choice-of-law provision providing that it would be "governed by and construed in accordance with the laws of the State of Missouri." (Doc. No. 1-7 at § 17). In addition, as part of the 2013 Guaranty, May consented to jurisdiction in this Court, consented to service by mail, and waived his ability to assert that Missouri is an inconvenient forum as follows:

> Guarantor hereby irrevocably submits to the jurisdiction of any State or Federal court sitting in the County or City of St. Louis, Missouri over any action or proceeding arising out of or relating to this Guaranty, and Guarantor hereby irrevocably agrees that all claims in respect to such action or proceeding may be heard and determined in such State or Federal court. Guarantor hereby irrevocably waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding. ***Guarantor irrevocably consents to the service of any and all process in any such action or proceeding by the mailing of copies of such process to Guarantor at Guarantor's address set forth below***. Guarantor agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

(Doc. 1-7, § 19) (emphasis added).

In March 2017, in response to a collateral deficiency that arose when the Loan balance exceeded the collateral securing the Loan, i.e., the cash surrender value of the life insurance policies, May entered into an Amended and Restated Continuing Limited Guaranty Agreement ("2017 Guaranty"), agreeing to guarantee repayment of all indebtedness owing to Enterprise, subject to a revised liability cap of $1.5 million, plus the cost of enforcement, including court

---

[1] The facts are taken from Enterprise's Complaint ("Comp."), Doc. No. 1, which the Court accepts as true for purposes of May's motion to dismiss.

costs and attorneys' fees. (Compl. at ¶¶ 18-19). Like the 2013 Guaranty, the 2017 Guaranty included a choice-of-law provision providing that it would be "governed by and construed in accordance with the laws of the State of Missouri." (Doc. 1-10, § 17). As part of the 2017 Guaranty, May again consented to jurisdiction in this Court and service by mail and waived his ability to assert that Missouri is an inconvenient forum. (Doc. No. 1-10, § 19).

Enterprise brings this action against May for breach of the 2013 and 2017 Guaranties.[2] May moves to dismiss the case for insufficient service of process; or to dismiss or transfer the case to the Northern District of Florida for lack of personal jurisdiction or improper venue; or for discretionary venue transfer under 28 U.S.C. § 1404(a).

**Discussion**

**Insufficient service of process pursuant to Rule 12(b)(5)**

As an initial matter, May moves to dismiss this action pursuant to Rule 12(b)(5), Fed. R. Civ. P, for insufficient service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint. 2 James Wm. Moore et al., Moore's Federal Practice § 12.33[4] (3d ed. 2010). Rule 4(m) allows the court on a motion by the party challenging process or service to dismiss the action without prejudice. Id. at § 12.33[5]. Once a defendant challenges service, a plaintiff bears the burden of proving that it was proper. If there are no facts in dispute, the question of whether service of process was adequate is purely a question of law that the court resolves. § 11:26.Manner of service, 3 Cyc. of Federal Proc. § 11:26 (3d ed.).

---

[2] Enterprise voluntarily dismissed Defendant John C. Bovay, Trustee of the Confederate Trust dated March 19, 2008, without prejudice on May 26, 2020. (Doc. Nos. 13, 14).

3

By way of background, this case was filed in February 2020. On June 9, 2020, after numerous attempts to obtain service on May, Enterprise moved for leave to serve him by alternative means, namely by certified mail with return receipt requested, on the grounds that May was actively evading service and that his counsel – both local and in Florida – had refused to accept service on May's behalf. (Doc. Nos. 16, 17). The Court granted Enterprise's request on June 10, 2020. (Doc. No. 18). On July 8, 2020, Enterprise filed a Notice of Service by Alternate Means, stating that on June 10, 2020, it mailed the Petition and Summons, return receipt requested, to May at his home address in Gainesville, Florida, and attaching a copy of the Certified Mail receipt evidencing mailing. (Doc. No. 19). On July 10, 2020, counsel for May voluntarily entered their appearance (Doc. Nos. 20, 22), and moved to dismiss this case for, *inter alia*, insufficient service of process.

In support of his motion, May argues that although the Court ordered alternative service by certified mail, service was not effectuated because the service package was returned to sender, non-deliverable, and thus did not comply with either Missouri or Florida rules governing personal service on individuals. Enterprise responds that it properly served May in accordance with the service-of-process clause in the Guaranties (see Doc. No. 1-7 at § 19; Doc. No. 1-10 at § 19), Florida Stat. § 48.161, and this Court's Order approving substituted service. In his reply, May argues that even assuming the validity of the Guaranties, unclaimed certified mail, as opposed to mail that is "refused," is insufficient service under Florida law.

Federal Rule of Civil Procedure 4(e) sets out the rules for serving an individual defendant. The summons and complaint may be delivered to the individual personally; it may be left at the individual's home with someone of suitable age and discretion who resides there; or it

may be delivered to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2). The Rule also provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state court where the district is located or where service is made." Fed. R. Civ. 4(e)(1). Florida's service of process for individuals mirrors that of the federal rule, permitting service on the individual, or by leaving the document at the individual's home with an individual over the age of 15. Fl. Stat. Ann. § 48.031.

Florida also permits substituted service of process on a "person who conceals his or her whereabouts" by alternative means. See Fl. Stat. Ann. § 48.161; see also Smith v. Leaman, 826 So.2d 1077, 1078 (Fla. 2nd D. Ct. App. 2002) (noting that Fl. Stat. Ann. § 48.161 "allows for substituted service of process on a Florida resident who is concealing his whereabouts, creates an exception to the general rule that the defendant must be personally served. The statute contains three requirements: (1) the plaintiff must send notice of service and a copy of the process by registered or certified mail to the defendant; (2) the plaintiff must file the defendant's return receipt; and (3) the plaintiff must file an affidavit of compliance."). Because the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally served, due process values require strict compliance with the statutory requirements. Id.

However, "the courts have created an exception to the requirement that the plaintiff file the defendant's return receipt for those situations in which the defendant is actively refusing or rejecting the substituted service of process." Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So. 3d 695, 699 (Fla. Dist. Ct. App. 2010) (quoting Smith, 826 So.2d at 1078); see also Harris v. Bergen, No. 619CV1420ORL37DCI, 2019 WL 6684072, at *2 (M.D. Fla. Nov. 19, 2019) (citing cases). It does appear to the Court that May is actively evading service; however, there is not

5

enough evidence at this point to make a definitive finding that the failure to deliver was the result of May actively refusing or rejecting substituted service. See Turcotte v. Graves, 374 So.2d 641, 643 (Fla. 4th DCA 1979) (holding that where the failure of delivery of process might have resulted from a cause not chargeable to the defendant, then the statutory requirements have not been met and service of process is insufficient.).

Enterprise argues that May has "unquestionably" received the summons and complaint multiple times based on the fact that Enterprise mailed the summons – via FedEx in conjunction with a request for waiver of service and via certified mail – to May's residence, and that May had actual knowledge of the lawsuit through Enterprise's communications with his counsel and through his previous efforts to evade service. Thus, Enterprise contends that service of process on May was effected. (Doc. No. 31 at 8). However, actual knowledge of a suit is insufficient to establish service of process. Service of process "is more than a mere delivery of documents," but rather "a formal delivery of documents that is *legally* sufficient to charge the defendant with notice of a pending action." Marshall v. Warwick, 155 F.3d 1027, 1032 (8th Cir. 1998) (internal quotes omitted) (emphasis in original). As such, "an admission of receipt of documents is not an admission that process was served." Id. Although May may have known of the case, legal service was not effectuated.

Dismissal pursuant to Rule 12(b)(5) is not "invariably required where service is ineffective[.]" Haley v. Simmons, 529 F.2d 78, 79 (8th Cir. 1976). The court has discretion to dismiss the action without prejudice or to quash service and direct plaintiffs to effect service within a particular time frame. Moore's Federal Practice § 12.33[5]; see also Lamb v. Bank of Am., N.A., No. 4:11-CV-819 CAS, 2012 WL 87146, at *2 (E.D. Mo. Jan. 11, 2012). Given the

6

circumstances of this case, the Court will quash service and give Enterprise ninety (90) days to effect service of process on May in accordance with the Federal and State Rules of Civil Procedure. Failure to properly serve May within this time period may result in the dismissal of this action. Because May has not yet been properly served, the Court need not reach the issues of personal jurisdiction, improper venue, or discretionary venue transfer.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jackson C. May's Motion to Dismiss or Transfer [25] is **DENIED.** Enterprise shall have ninety (90) days from the date of this order to effect service of process upon May in accordance with the Federal and State Rules of Civil Procedure.

Dated this 2nd day of December, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

7